*Naseer v. United States*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of April, two thousand twenty-five.

Present:
> DENNY CHIN,
> MICHAEL H. PARK,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

---

ABID NASEER,

> *Petitioner-Appellant*,

v.                                          23-37

UNITED STATES OF AMERICA.

> *Respondent-Appellee.*

---

FOR PETITIONER-APPELLANT:               RANDA D. MAHER, Great Neck, NY.

FOR RESPONDENT-APPELLEE:                DOUGLAS M. PRAVDA, (Nicholas J. Moscow, *on the brief*) Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Dearie, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Following a three-week jury trial, Petitioner Abid Naseer was convicted in 2015 of conspiring to provide and providing material support to a foreign terrorist organization, in violation of 18 U.S.C. § 2339B(a)(1), and conspiring to use a destructive device, in violation of 18 U.S.C. §§ 924(c)(1)(B)(ii) and 924(o). He was sentenced principally to a term of 40 years' imprisonment and a lifetime term of supervised release. On December 15, 2022, the district court granted Naseer's motion under 18 U.S.C. § 2255 to vacate his Section 924(c) conviction in light of *United States v. Davis*, 588 U.S. 445 (2019). The district court declined to hold a de novo resentencing proceeding and reduced Naseer's total term of imprisonment from 40 years to 30 years.

On appeal, Naseer argues that the district court abused its discretion by declining to hold a de novo resentencing. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

"Section 2255 grants district courts the discretion to choose among four remedies when reviewing a sentence that was not authorized by law or is otherwise open to collateral attack." *United States v. Peña*, 58 F.4th 613, 618 (2d Cir. 2023). The court may "discharge the prisoner or resentence him or grant a new trial or correct the sentence." 28 U.S.C. § 2255(b). This Court has declined to "define the circumstances under which a district court abuses its discretion in

denying *de novo* resentencing." *Peña*, 58 F.4th at 623; *see also Kaziu v. United States*, 108 F.4th 86, 91 (2d Cir. 2024) (noting that *Peña* "did not decide that question, and neither do we"). But this Court *has* held that a "district court may properly deny *de novo* resentencing when the exercise would be an empty formality." *Peña*, 58 F.4th at 623; *see also Tellier v. United States*, 2023 WL 3608394 (2d Cir. May 24, 2023); *United States v. Ayyad*, 2023 WL 1975682 (2d Cir. Feb. 14, 2023).

We have identified "two factors [that] combine to limit the district court's discretion to dispense with plenary resentencing." *Kaziu*, 108 F.4th at 92. Those two factors are: (1) whether "the resentencing judge is . . . the original sentencing judge," and (2) whether the prisoner presents "plausible allegations of changed circumstances that suggest that the original rationale underlying the sentence . . . no longer applies." *Id.* at 93-94.

Here, the district court did not abuse its discretion in declining to hold a de novo resentencing. First, the district court here was "amply familiar with the matter" after "presid[ing] over the trial, sentencing and post-conviction proceedings." App'x at 132. The district court thus understood "the rationale behind the original sentence," possessed a "deep familiarity of the facts," and experienced "an in-person observation of the defendant's allocution." *Kaziu*, 108 F.4th at 92. As the district court explained in resentencing: "Although Naseer's counts of conviction now change with the vacatur of Count Ten, the conduct in which he engaged and for which this Court deemed a forty-year sentence appropriate, has not." App'x at 132.

Second, Naseer does not "adequately allege[] sufficient changed circumstances" to warrant a de novo resentencing. *Kaziu*, 108 F.4th at 93-94. Although Naseer "asked the Court to reduce his sentence to 15 years, citing his record of academic excellence and good conduct during his year

3

in prison," the district court found that those facts were "not surprising, given the qualities Naseer displayed throughout his trial and initial sentencing and do not alter the sentencing calculus." App'x at 132-33.   In fact, the district court found that "Naseer continues to show no remorse discernible to this Court or, indeed, any change in thinking that would allow this Court to infer that the danger he posed has passed."   *Id.* at 133.   The district court did not abuse its discretion in declining to conduct a de novo proceeding.

*        *        *

We have considered the remainder of Petitioner's arguments and find them to be without merit.   For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4